Filed 1/3/23 P. v. Ellis CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GERALD ELLIS,<br><br>Defendant and Appellant. | C092613<br><br>(Super. Ct. No. 05F03831)<br><br>OPINION ON TRANSFER |

Defendant Gerald Ellis challenges the trial court's denial of his petition for resentencing under Penal Code section[1] 1172.6[2] based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).

---

[1] Unspecified statutory section citations that follow are to the Penal Code.

[2] Effective June 20, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will refer to the current section number throughout this opinion.

1

Defendant argued the trial court erred in relying on the jury's special circumstance finding to deny his petition.

In an unpublished opinion, we affirmed the court's order denying defendant's resentencing petition, holding that the jury's true special circumstance findings, which had not been set aside through habeas, precluded relief under section 1172.6 as a matter of law. (*People v. Ellis* (Dec. 13, 2021, C092613) [nonpub. opn.].)

The California Supreme Court subsequently granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). By separate order, we vacated our decision.

In supplemental briefing after transfer, the parties agree that under *Strong* the jury's true findings on the robbery-murder and burglary-murder special circumstance allegations, which were made before our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) clarified what it means to be a major participant who acts with reckless indifference to human life, do not render defendant ineligible for relief as a matter of law. Having reconsidered the matter, we agree and will reverse and remand for further proceedings under section 1172.6.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant participated in a home invasion robbery with three others. (*People v. Ellis* (Mar. 5, 2008, C054797) [nonpub. opn.] (*Ellis*).)[3] During the robbery, one of the assailants shot and killed Donald Willis. (*Ellis*, at p. 3.) The jury convicted defendant of

---

[3] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

2

first degree robbery in concert and first degree murder, and found the murder occurred during the commission of a robbery (Pen. Code, § 190.2, subd. (d)). He was sentenced to life without the possibility of parole. (*Ellis,* at p. 1.)

Defendant appealed, arguing there was insufficient evidence to support the robbery-murder special circumstance. (*Ellis, supra*, C054797 at p. 1.) We affirmed, finding there was substantial evidence defendant both acted with reckless disregard for human life and was a major participant in the robbery. (*Id.* at pp. 11, 12.)

On February 13, 2019, defendant filed a form petition for resentencing pursuant to section 1172.6. On the form, he checked various boxes stating that a complaint was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that at trial he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant also checked the boxes stating that he was not the actual killer, did not aid or abet with the intent to kill, and was not a major participant in the felony or acted with reckless indifference to human life. The prosecutor filed a response and motion to dismiss and defense counsel filed an opposition.

On July 23, 2020, the trial court filed a written order denying the petition. The trial court provided two reasons, first that: "In finding the robbery-murder special circumstance true, the jury necessarily found that [defendant] either was the actual killer, acted with intent to kill, or was a major participant in the robbery who acted with reckless indifference to human life. And, on appeal, the Third District Court of Appeal held that the evidence was sufficient to show that [defendant] had been a major participant in the robbery who acted with reckless indifference to human life . . . ." Second, the trial court found defendant could not challenge the validity of the special circumstance finding

3

under the recent California Supreme Court cases *Banks* and *Clark* through a section 1172.6 petition. But even if defendant could, the trial court cited the facts of defendant's case from our prior opinion and found that the special circumstance would still be valid even after *Banks* and *Clark*.

## DISCUSSION

Defendant originally argued the trial court was required to issue an order to show cause because his petition established a prima facie showing of eligibility under section 1172.6. He argued the trial court erred in summarily denying defendant's petition on the special circumstance finding because, in *Banks* and *Clark* decided after his trial, our Supreme Court modified the analysis for "major participant" and "reckless indifference to human life." In supplemental briefing, the parties now agree, as do we, that the trial court erred in denying defendant's petition.

Senate Bill 1437 amended the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

As pertinent here, Senate Bill 1437 also added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable

4

consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).) Upon submission of a facially sufficient petition that requests counsel, the court shall appoint counsel and provide the parties an opportunity to submit briefs. (§ 1172.6, subds. (b)(3), (c).) Following briefing, the court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) If a sufficient prima facie showing is made, the court must issue an order to show cause. (§1172.6, subds. (c), (d).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Since defendant's convictions, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark*. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrogated on other grounds in *People v. Lewis, supra*, 11 Cal.5th at p. 963.) After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong, supra*, 13 Cal.5th at p. 710.) Here, the trial court concluded that the

jury's pre-*Banks* and *Clark* findings, which defendant had never set aside through habeas, precluded defendant from making a prima facie showing. The trial court's conclusion does not survive *Strong*.[4]

Defendant's resentencing petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6 if proven. (§ 1172.6, subds. (a)-(c); *People v. Lewis, supra*, 11 Cal.5th at pp. 970-972.) Nothing in the record demonstrates defendant is ineligible for relief as a matter of law, so we must reverse and remand the matter for the trial court to issue an order to show cause, and, to the extent necessary, conduct an evidentiary hearing. (§ 1172.6, subd. (d).) We express no opinion on the ultimate resolution of the petition.

---

[4] The trial court relied, in part, on our conclusion in defendant's direct appeal that there was substantial evidence supporting the jury's special circumstance finding. As that opinion was filed before *Banks*, *Clark*, and *Strong*, its findings are no longer binding on this point. (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491-492 [law of the case doctrine is not applied "where the controlling rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations"].)

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed.  On remand, the trial court is directed to issue an order to show cause, and, to the extent necessary, the court shall hold an evidentiary hearing on the petition.

 

 

_____

HULL, Acting P. J.

We concur:

 

 

_____,

RENNER, J.

 

 

_____

KRAUSE, J